

Ronald H. Freshman, Esq. (SBN # 225136)
**LAW OFFICES OF RONALD H. FRESHMAN**
222 West 6th Street, Suite 400
San Pedro, California 90731
Telephone: (858) 756-8288
Facsimile: (858) 964-1728

Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JAMES ORTIZ; YOLANDA Y. ORTIZ,

Plaintiffs,

v.

CITIBANK, N.A.; OCWEN LOAN SERVICING, LLC; POWER DEFAULT SERVICES, INC.; DOES 1 through 15, inclusive,

Defendants.

**Case No.:** 2:17-cv-07886-VAP-MRW
[State Case: VC066577]
Assigned: Honorable Virginia Phillips

**NOTICE OF MOTION AND MOTION TO REMAND**

[Filed concurrently with Declaration of Ronald H. Freshman; [PROPOSED] Order]

**HEARING:**
**Date:** **December 11, 2017**
**Time:** **2:00 p.m.**
**Ctrm:** **8A**

**TO THE CLERK, TO THE HONORABLE UNITED STATES DISTRICT JUDGE, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

You are hereby given notice Plaintiffs, JAMES ORTIZ and YOLANDA Y. ORTIZ, hereinafter "Plaintiffs," respectfully move this Court to remand this case back to the state court from which it was removed. The hearing is set for Monday, September 18, 2017 at 2:00 p.m. in Courtroom 8A, 8th Floor of the



Law Offices of Ronald H. Freshman
222 West 6th Street, Suite 400
San Pedro, California 90731
Tel. (858) 756-8288

United States District Court located at 350 West 1st Street, Los Angeles, CA 90012.

Remand is appropriate because there is no basis for this Court to exercise jurisdiction over the state law claims alleged by Plaintiff in his Complaint nor is there any diversity jurisdiction as alleged by Defendants. To establish an alleged "jurisdictional diversity" Defendants did with intent, prematurely remove the litigation based on the original complaint, even though Defendants had been served with the First Amended Complaint in which two Doe Defendants had been identified, including the original broker, a California Corporation.

As evidenced by the facts, Defendants are forum shopping and seeking to derail Plaintiffs from consolidating an unlawful detainer complaint with the Senior Litigation. Defendants had sent a meet and confer letter to Plaintiffs, before learning they had retained counsel, stating that if the litigation was not dismissed by <u>October 31, 2017</u> they would remove the litigation to federal court and seek a dismissal. Upon learning counsel had been retained, a First Amended Complaint had been field and the unlawful detainer had been <u>stayed</u>, Defendants immediately removed the litigation and have threatened to take immediate steps to have the stay on the unlawful detainer lifted. These acts by Defendants show bad faith and warrant sanctions for their improper removal. Plaintiffs also seek sanctions in the amount of $3,225.00 for attorney fees for the Remand, and $1,075.00 for the emergency exparte to shorten the time for the remand motion as well as an injunction on prosecuting the unlawful detainer.

Pursuant to L.R. 7-3, Plaintiff met and conferred Defendant's counsel who has refused to remove the matter. (Freshman Decl. ¶¶ 18-19).

LAW OFFICES OF RONALD H. FRESHMAN

Date: November 7, 2017

/s/ RONALD H. FRESHMAN

Ronald H. Freshman, Attorney for Plaintiffs
JAMES ORTIZ; YOLANDA Y. ORTIZ

Law Offices of Ronald H. Freshman
222 West 6th Street, Suite 400
San Pedro, California 90731
Tel. (858) 756-8288

Law Offices of Ronald H. Freshman
222 West 6th Street, Suite 400
San Pedro, California 90731
Tel. (858) 756-8288

Table of Contents

I. INTRODUCTION ..... 1

II. FACTUAL BACKGROUND ..... 2

A. Litigation History ..... 2

B. First Amended Claims ..... 5

III. LEGAL ANALYSIS ..... 8

A. Original Complaint Mooted by First Amended Complaint ..... 9

B. Lexington and AMH Holdings, Inc. are an Indispensable Party ..... 9

C. Burden on Removing Party and Statute Construed in Favor of Remand 11

D. Attorney Fees ..... 11

IV. CONCLUSION ..... 13

Law Offices of Ronald H. Freshman
222 West 6th Street, Suite 400
San Pedro, California 90731
Tel. (858) 756-8288

**Supreme Court Ruling**

Armendariz v. Foundation Health Psychcare Services, Inc. (2000) 24 Cal.4th 83, 124 [99 Cal.Rptr.2d 745, 6 P.3d 669] ........ 6

Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) ........ 9

Colby v. Title Ins. & Trust Co. (1911) 160 Cal. 632 [117 P. 913]. ........ 7

Fox v. Ethicon Endo-Surgery, Inc. (2005) 35 Cal.4th 797, 798 [27 Cal.Rptr.3d 661, 110 P.3d 914] ........ 7

Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375 (1994)........ 8

Norgart v. Upjohn Co. (1999) 21 Cal.4th 383, 397 [87 Cal. Rptr. 2d 453, 981 P.2d 79] ........ 7

Yvanova v. New Century Mortgage Corp. (2016) 62 Cal.4th 919 [199 Cal.Rptr.3d 66, 365 P.3d 845] ........ 7

**Ninth Circuit Rulings**

Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996) ........ 8

Emrich v. Touche Ross & Co. (9th Cir. 1988) 846 F.2d 1190........ 11

Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) ........ 9

Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997) ........ 9

Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)........ 8

Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n. 3 (9th Cir. 1990) ........ 8

Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C., 992 F.2d 932, 934 (9th Cir.1993)........ 8

**Cases**

Aryeh v. Canon Bus. Solutions, Inc., 55 Cal. 4th 1185, 1192 (2013 ........ 7

Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co. (1999) 20 Cal.4th 163, 180 ........ 7

Fajen v. Foundation Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982)........ 11

Law Offices of Ronald H. Freshman
222 West 6th Street, Suite 400
San Pedro, California 90731
Tel. (858) 756-8288

Norgart v. Upjohn Co. (1999) 21 Cal.4th 383, 397 [87 Cal. Rptr. 2d 453, 981 P.2d 79] .......... 7

Nosie v. Ass'n of Flight Attendants - CWA (D.Haw. 2010) 722 F.Supp.2d 1181, 1190. .......... 8

Overly v. Raybestos-Manhattan (N.D.Cal. Sep. 6, 1996, No. C-96-2853 SI) 1996 U.S. Dist. LEXIS 13535 .......... 12

Spector v. National Pictures Corp. (Cal. App. 2d Dist. 1962), 201 Cal. App. 2d 217, 20 Cal. Rptr. 307, 1962 Cal. App. LEXIS 2582 .......... 5

Washington Mutual Bank v. Blechman (2007) 157 Cal.App.4th 662 [69 Cal.Rptr.3d 87] .......... 10

**Statutes**

10 C.C.R. § 1460(b) .......... 5

10 C.C.R. § 1460(c) .......... 6

28 U.S.C. § 1441(b) .......... 1

28 U.S.C. § 1447(c) .......... 11

Bus. & Prof. Code § 17500 .......... 7

Bus. & Prof. Code, §§ 17200 .......... 6

Civil Code § 1654 .......... 5

Code of Civil Proc., § 1010.6(a)(2) .......... 4

Code of Civil Proc., § 3391(3) .......... 7

Fin. Code § 22100 .......... 5

Fin. Code § 22109 .......... 5

Fin. Code § 22750(b) .......... 2, 6

Law Offices of Ronald H. Freshman
222 West 6th Street, Suite 400
San Pedro, California 90731
Tel. (858) 756-8288

## I. INTRODUCTION

Defendants' removal of this case is improper because there is no legal basis supporting removal. In its Notice of Removal, Defendants Citibank, N.A. ("Citibank") as Trustee of American Home Mortgage Assets Trust 2006-3 ("AMH Trust"); Ocwen Loan Servicing, LLC ("Ocwen"), and Power Default Services, Inc. ("PDS") (hereinafter "Removal Defendants") claim removal is proper under 28 U.S.C. § 1441(b) based on complete diversity and matter in controversy is over $75,000. (Doc # 1, p.2:18-27) As evidenced by the facts, the Removal Defendants' removal to federal court was done in bad faith. Specifically, Plaintiffs had filed their original complaint (hereinafter "Sr. Litigation") in pro per, on September 19, 2017 and served the defendants. On October 24, 2017 Plaintiffs retained their Counsel who filed the Frist Amended Complaint, naming the original lender as a defendant. This original lender is Lexington Capital, a California Corporation. (Freshman Decl., Exhibit 2, Doe 1 Amendment).

On October 25, 2017 all defendants were served the First Amended Complaint (perfected on October 26, 2017) and given ex parte notice of Plaintiff's intent to consolidate the FAC with an unlawful detainer filed by Defendant Citibank. On October 26, 2017 the Stay was granted; also on October 26, 2017 Removal Defendants mailed a letter to Plaintiff (purportedly before learning Plaintiffs are now represented by counsel) demanding the complaint be amended or dismissed <u>October 31, 2017</u> or Defendants would seek a dismissal. (Freshman Decl., Exhibit 7, October 26, 2017 Letter). Upon learning of the FAC and Stay on October 26, 2017, Defendants removed the Senior Litigation, based on the original complaint, which Defendants knew had been mooted by the FAC.

Plaintiffs seek a remand back to State Court on the basis the removal was done on a mooted original complaint, there is not complete diversity as alleged by Defendants, and Defendants' removal did not include Lexington Capital or American Home Mortgage Holdings, Inc., the two Doe Defendants.

Law Offices of Ronald H. Freshman
222 West 6th Street, Suite 400
San Pedro, California 90731
Tel. (858) 756-8288

Lexington is identified as the Lender on the note and promissory note and therefore is an indispensable party to this litigation. Lexington was not licensed to lend money in the State of California and acted as a broker, arranging the loan on behalf of American Home Mortgage Holdings, Inc, another unlicensed entity. This loan violates California Financial Codes, Civil Codes, and Business & Profession Codes and is subject to adjudication as void. Fin. Code §22750(b).

There is no diversity as claimed by Defendants, and Plaintiffs herein allege that Defendants upon learning the First Amended Complaint named a California Corporation, did with intent, remove the mooted original complaint to avoid the lack of diversity and to overturn the Superior Court's stay of the unlawful detainer.

## II. FACTUAL BACKGROUND

### A. Litigation History

On September 19, 2017 Plaintiffs, in pro per, filed a complaint in the Superior Court of Los Angeles County. (Doc. # 1, Exh. 1)

Defendants Citibank, Ocwen and Power Default Services were served.

On October 24, 2017 Plaintiffs retained counsel. (Freshman Decl., ¶ 2).

On October 25, 2017, Plaintiffs, through counsel, filed a First Amended Complaint, identifying Doe 1 as Lexington Mortgage, a California Corporation ("Lexington") and Doe 2 as American Home Mortgage Holdings, Inc. ("AHM Holdings") (Freshman Decl., ¶ 8, Exhibit 2, Doe Amendment 1 for California Corporation; and Exhibit 3, Doe Amendment 2).

As of October 25, 2017, none of the Defendants had appeared or noticed Plaintiffs of retaining counsel. (Freshman Decl., ¶ 7).

On this basis, Plaintiff's counsel, served all Defendants, including the newly identified Doe Defendants Lexington and AHM Holdings, the First Amended Complaint, as well as the Motion to Consolidate. (Freshman Decl., ¶ 9, Exhibit 4, GSO Proofs of Service).

On October 25, 2017, all Defendants were noticed of the exparte application and Motion to Consolidate. (Freshman Decl., ¶ 10, Exh. 5, Declaration of Melissa Alvarez on Exparte Notice).

On October 26, 2017 Plaintiffs, through counsel, filed the Motion to Consolidate the Unlawful Detainer with the Senior Litigation (Title Fraud Case). (Freshman Decl., ¶ 11).

On October 26, 2017 at 8:30am, a hearing was held in regards to staying the unlawful detainer pending a motion to consolidate the unlawful detainer with the Senior Litigation. The Superior Court granted Plaintiffs' exparte application and issued a Stay of the Unlawful Detainer pending the Motion to Consolidate. (Freshman Decl., ¶ 11).

On October 26, 2017 at approximately 1:53pm, Kristina M. Pelletier, contacted Plaintiff's counsel, stating that she represented Citibank, N.A., Ocwen Loan Servicing, and Power Default Services and that she had just learned Mr. Freshman had been subbed in, and therefore, was attaching the October 26, 2017 meet and confer letter she had sent the Plaintiffs. (Freshman Decl., ¶ 12, Exh. 6, Email Exchange between Freshman and Pelletier).

On October 26, 2017, at 2:29pm, Mr. Freshman responded, informing Ms. Pelletier of the Stay that had been issued and agreed to forward the motion papers via email. (Freshman Decl., ¶ 13, Exh. 6, Email).

On October 26, 2017, Ms. Pelletier forwarded the letter she had mailed to Plaintiffs, giving them until October 31, 2017 to dismiss or amend the complaint, or she would move to remove the litigation. (Freshman Decl., ¶ 14, Exhibit 7, Pelletier's October 26, 2017 Letter to Plaintiffs).

On October 27, 2017 at 9:46am, Ms. Melissa Alvarez, on behalf of Mr. Freshman, forwarded by email, the motion papers and the First Amended Complaint, including the Doe Amendments to Ms. Pelletier. (Freshman Decl., ¶ 15, Exhibit 8, showing email of delivery via email as requested by Ms. Pelletier).

Law Offices of Ronald H. Freshman
222 West 6th Street, Suite 400
San Pedro, California 90731
Tel. (858) 756-8288

Law Offices of Ronald H. Freshman
222 West 6th Street, Suite 400
San Pedro, California 90731
Tel. (858) 756-8288

On October 27, 2017 at 12:49pm Ms. Pelletier did cause to have the litigation removed to federal court, though she did know the Unlawful Detainer was stayed pending a consolidation with the Senior Litigation; and that a First Amended Complaint had been filed identifying a California Corporation as Doe 1.

On November 1, 2017 Mr. Freshman sent an email to Ms. Pelletier requesting she voluntarily remand the litigation back to the State Court. (Freshman Decl., ¶ 18, Exhibit 9, Email Exchange on remand).

Ms. Pelletier stated the removal had already been planned as stated in the October 26 letter and the removal had already been prepared and sent for filing prior to notice of the substitution or stay. This statement by Ms. Pelletier conflicts with the fact that all of Mr. Pelletier's clients received the actual FAC on October 26, 2017, that Ms. Pelletier received notification from Mr. Freshman of the Stay and that Ms. Pelletier received an electronic copy of the Doe Amendments and FAC prior to filing the removal on October 27, 2017. (Freshman Decl., ¶ 18, Exhibit 9; See also Doc. 1, Notice of Removal, signed October 27, 2017).

Ms. Pelletier took the position that any papers served on Defendants while represented by counsel was improper, ignoring that Defendants had not appeared and Plaintiffs were not noticed of Ms. Pelletier's representations and therefore, properly served each Defendant with the FAC and moving papers for the stay and motion to consolidate. In fact, Ms. Pelletier acknowledges that Power Default Services *gave her notice* of Mr. Freshman's substitution as attorney and the ex parte hearing.

Ms. Pelletier claims she served Plaintiffs notice of her representation through an email and letter. Service of her notice of representation to Plaintiffs is not proper through email as there was no agreement between Ms. Pelletier and the Plaintiffs agreeing to email service. Code of Civil Proc., § 1010.6(a)(2). Regardless, the FAC was sent out for service on October 25, 2017, and Plaintiffs did not

retrieve the email until October 27, 2017, which they promptly forwarded to their counsel.

Ms. Pelletier also takes the confusing position that since "Lexington was not served" their participation in the litigation is irrelevant. Defendants' position is not supported by any authority and is wrong as Lexington was immediately served on October 26, 2017 at 4:19pm, only one day after the First Amended Complaint and Doe Amendment had been filed. (Freshman Decl., ¶ 9, Exh. 4).

**B. First Amended Claims**

The purported original lender, Lexington misrepresented itself as a California Finance Lender, though it held no such license with the State of California. Fin. Code §§ 22100; 22109 [Residential Lender requires license to lend in State of California.] (FAC ¶¶ 30-34) A California Finance Lender is bound by the laws of the State of California. 10 C.C.R. § 1460(b) states:

> (b) The finance company shall be the lender or creditor on the promissory note **and the beneficiary on the deed of trust securing the loan**.

In violation of § 1460(b), Lexington identified 3rd party, Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. (FAC ¶ 147) Notwithstanding there is a challenge to the capacity of MERS to contract at the time of the deed of trusts formation (which is voidable by Plaintiff), the contract also is ambiguous and conflicting. For purposes of a deed of trust legal title is transferred to the "Trustee" of the deed of trust; this deed of trust purports to transfer legal title to MERS. Conflicting or ambiguous language will be construed against the drafter. Civil Code § 1654[1]; *Spector v. National Pictures Corp.* (Cal. App. 2d Dist. 1962), 201 Cal. App. 2d 217, 20 Cal. Rptr. 307, 1962 Cal. App. LEXIS 2582.[Contract should be interpreted most strongly against party who caused

[1] In cases of uncertainty not removed by the preceding rules, the language of a contract should be interpreted most strongly against the party who caused the uncertainty to exist.





Law Offices of Ronald H. Freshman
222 West 6th Street, Suite 400
San Pedro, California 90731
Tel. (858) 756-8288

Law Offices of Ronald H. Freshman
222 West 6th Street, Suite 400
San Pedro, California 90731
Tel. (858) 756-8288

uncertainty to exist may be applied against one whose assignor caused uncertainty, since successors in interest are bound by construction reasonably applicable to original parties.]

10 C.C.R. § 1460(c) states:

(c) The finance company shall provide funding for the loan from sources exclusive of any funding advances received from an institutional investor committed to purchasing the note.

Plaintiffs' counsel conducted an investigation and has determined the funds for the loan were secured from AHM Holdings, Inc., an institutional investor who was not licensed to lend in the State of California. This is another violation of law supporting Plaintiffs' claim the loan transaction is illegal and contracts are void. Fin. Code § 22750(b). (FAC ¶31)

Plaintiffs have alleged Defendants have used the MERS Database with the intent to conceal the successive sales and transfers, and to conceal the funding scheme which violated California law. "Courts will not enforce or lend their aid to transactions founded on illegal contracts or *acts in violation of the law*." *Schur v. Johnson* (1934, Cal App) 2 Cal App 2d 680, 38 P2d 844, 1934 Cal App LEXIS 1492 [Emphasis added] If the central purpose of the contract is tainted with illegality, then the contract as a whole cannot be enforced. If the illegality is collateral to the main purpose of the contract, and the illegal provision can be extirpated from the contract by means of severance or restriction, then such severance and restriction are appropriate. (*Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 124 [99 Cal.Rptr.2d 745, 6 P.3d 669].) The doctrine of severance attempts to conserve a contractual relationship if to do so would not be condoning an illegal scheme. *Id. at* 124. (FAC ¶ 51)

The UCL prohibits businesses from engaging in unfair, deceptive, untrue or misleading advertising," and any "unlawful, unfair or fraudulent business practice." *See* Bus. & Prof. Code, §§ 17200 et seq. This governs acts that are

Law Offices of Ronald H. Freshman
222 West 6th Street, Suite 400
San Pedro, California 90731
Tel. (858) 756-8288

unlawful, but is more expansive and also includes practices that are unfair or deceptive even if they are not violative of a specific law. *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.* (1999) 20 Cal.4th 163, 180 . Pursuant to California law, when Lexington identified itself as the "lender" it mispresented its true role in the transaction and California recognizes such misrepresentation as false advertising. Bus. & Prof. Code § 17500; Code of Civil Proc., § 3391(3) renders the contracts unenforceable as to Plaintiffs. (FAC ¶ 45-49)

Undoubtedly the defendants will argue the statute of limitations applies, but this would be an incorrect legal assumption. The California Supreme Court has weighed in on the application of the statute of limitations defense – clearly finding the statute of limitations is tolled until such time as a reasonable investigation would have revealed its factual basis; and begins to accrue when the cause of action is complete with all of its elements. *Fox v. Ethicon Endo-Surgery, Inc*. (2005) 35 Cal.4th 797, 798 [27 Cal.Rptr.3d 661, 110 P.3d 914]; *Norgart v. Upjohn Co*. (1999) 21 Cal.4th 383, 397 [87 Cal. Rptr. 2d 453, 981 P.2d 79].) The cause of action was completed on September 1, 2017 when Defendants took title to Plaintiff's property. Under California law void is void and a void thing has no legal value or import. (*Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919 [199 Cal.Rptr.3d 66, 365 P.3d 845].); *see also* (*Colby v. Title Ins. & Trust Co.* (1911) 160 Cal. 632 [117 P. 913].)

Finally, Defendants took specific steps to conceal the funding scheme, using MERS to further hide the deception, which was discovered by Plaintiff's counsel. Under California law, if the statute of limitations was to be applied (which arguably it does not), then it would require consideration of equitable tolling. *Aryeh v. Canon Bus. Solutions, Inc.*, 55 Cal. 4th 1185, 1192 (2013); *Wyatt v. Union Mortgage Co*. (1979) 24 Cal.3d 773, 778 [157 Cal.Rptr. 392, 598 P.2d 45][Statute of limitations did not preclude recovery because it did not begin to run until the last overt act.] At the remand stage these issues should be not addressed but Defendants have told

Law Offices of Ronald H. Freshman
222 West 6th Street, Suite 400
San Pedro, California 90731
Tel. (858) 756-8288

Plaintiffs they will claim that Lexington was joined "fraudulently" to support their removal of the mooted original complaint. (Freshman Decl., ¶ 18; Exh. 10, Email stating Defendants will claim fraudulent joinder).

## III. LEGAL ANALYSIS

A party may remove an action from state to federal court; however, "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994). Consequently, federal courts are empowered to hear only those cases that the Constitution or the Congress of the United States has authorized the federal courts to hear. Specifically, federal courts are empowered to hear those cases in which exclusive federal question jurisdiction lies, or alternatively <u>where there is a complete diversity among the parties</u> and the amount in controversy exceeds $75,000.

A state court defendant's removal of an action to federal court is proper under 28 U.S.C. § 1441(a) as long as the action could have originally been filed in federal court. Section 1441 is, however, strictly construed against removal. *See Nishimoto v. Federman-Bachrach & Assocs*., 903 F.2d 709, 712 n. 3 (9th Cir. 1990). The party seeking to remove the case bears the burden of establishing the propriety of removal and the existence of federal jurisdiction. See *Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C.*, 992 F.2d 932, 934 (9th Cir.1993); *Nishimot*o, 903 F.2d at 712 n. 3. Courts resolve any doubts about removal in favor of remanding the case to state court. See *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) ("[F]ederal jurisdiction 'must be rejected if there is any doubt as to the right of removal in the first instance.'" (quoting *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992)) (*Nosie v. Ass'n of Flight Attendants - CWA* (D.Haw. 2010) 722 F.Supp.2d 1181, 1190.) Due to the limitations on federal court jurisdiction, "the Ninth Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear."

Where there is no "diversity of citizenship, federal-question jurisdiction is required." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 107 S.Ct. 2425, 96 L.Ed.2d

Law Offices of Ronald H. Freshman
222 West 6th Street, Suite 400
San Pedro, California 90731
Tel. (858) 756-8288

318 (1987) (emphasis added) (affirming remand to state court). Defendants concede there is no federal question.

**A. Original Complaint Mooted by First Amended Complaint**

Removal Defendants knew, by overnight service, exparte notice of Motion to Consolidate, Stay of the Unlawful Detainer, and a courtesy copy of Defendants counsel, that a First Amended Complaint had been filed on October 25, 2017, mooting the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997). In other words, "the original pleading no longer performs any function …" *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Defendants' claim that any service was improper is without merit. The FAC was filed on October 25, 2017 and served, via overnight service, with delivery on October 26, 2017. Defendants' counsel did not make herself known to Plaintiffs' counsel until October 26, 2017, after service had been perfected on Removal Defendants. Upon notice, and by agreement of the parties, Plaintiffs' counsel sent the FAC, Doe Amendments, and all motion papers to Removal Defendants' counsel three hours before the removal was filed; Defendants, who know they removed based on a mooted complaint, even after several meet and confer correspondences, have refused to voluntarily remand the litigation. It is appropriate to assume that Defendants filed the removal to derail the Stay of the Unlawful Detainer and to seek to circumvent the impact of the First Amended Complaint which includes a California Corporation.

**B. Lexington and AMH Holdings, Inc. are an Indispensable Party**

Lexington Capital is the entity identified as the "lender" on the Note and Deed of Trust and is therefore, an indispensable party to the litigation. Code of Civil Proc., § 389; (*Thorson v. Western Development Corp.* (1967) 251 Cal.App.2d 206 [59 Cal.Rptr. 299].); (*Bank of California, Nat'l Asso. v. Superior Court of San Francisco* (1940) 16 Cal.2d 516 [106 P.2d 879].) [Affirmative relief that affects the rights or

**Law Offices of Ronald H. Freshman**
222 West 6th Street, Suite 400
San Pedro, California 90731
Tel. (858) 756-8288

interests of a party, that party is indispensable.]; (*Washington Mutual Bank v. Blechman* (2007) 157 Cal.App.4th 662 [69 Cal.Rptr.3d 87].)

AMH Holdings, Inc. is the entity that provided the actual funding, and is the entity to whom MERS held a contract (i.e. MERS is identified as the beneficiary solely as nominee; MERS held no contract relationship with Lexington, the contract was with AMH Holdings). AMH Holdings is an indispensable party.

Defendants have alleged Lexington was "fraudulently" joined, though they have no basis for such an accusation. Recently in (*Bloomfield v. Capital One, N.A.* (S.D.Cal. Apr. 27, 2016, No. 15cv2762 DMS (BGS)) 2016 U.S.Dist.LEXIS 56767.) the district court considered a similar argument in regards to joining a trustee of the deed of trust in which the defendants argued fraudulent joinder to defeat a remand back to the State court. The district court determined the standard the defendants relied upon was incorrect. "[t]he vast majority of district court decisions ... have determined that the fraudulent joinder standard is tougher to meet than the Rule 12(b)(6) standard, such that fraudulent joinder will not be found if there is 'any possibility' that the plaintiff could state a claim." *GranCare, LLC v. Thrower*, Nos. C 15-05362 WHA, 15-05575 WHA, 2016 U.S. Dist. LEXIS 36413, at *14 (N.D. Cal. Mar. 21, 2016) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)). This approach is consistent with the "strong presumption" against removal jurisdiction, *Hunter*, 582 F.3d at 1042, and the "general presumption" against fraudulent joinder. *Hamilton Materials Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). *Id. at* 4.

A finding of fraudulent joinder requires a showing that the plaintiff could not plead any facts sufficient to state a claim against those defendants, such that leave to amend would be futile." *Ramirez v. Speltz*, No. C 15-03538 WHA, 2015 U.S. Dist. LEXIS 137902, at *7 (N.D. Cal. Oct. 8, 2015). The challenge here is Defendants removed based on a mooted original complaint, not the operative First Amended Complaint. But now, according to Defendants' counsel, they will seek to defeat

**Law Offices of Ronald H. Freshman**
222 West 6th Street, Suite 400
San Pedro, California 90731
Tel. (858) 756-8288

this motion on the basis that Lexington, the original lender, was joined "fraudulently." (Freshman Decl., Exh. 10, Email claiming Fraudulent Joinder). Defendants have no basis for making this allegation.

All defendants in a state action must join in the petition for removal, except for nominal, unknown or fraudulently joined parties. *(Emrich v. Touche Ross & Co.* (9th Cir. 1988) 846 F.2d 1190.) Removal Defendants do not include Lexington or AMH Holdings, making this removal procedurally defective for failure to join all parties.

**C. Burden on Removing Party and Statute Construed in Favor of Remand**

Because there is a presumption against removal jurisdiction, the court must strictly construe the federal removal statute and resolve all doubt in favor of remand. *Fajen v. Foundation Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). Defendants, recognizing that there is no diversity of citizenship, instead make the false allegation that the removal had already been sent for filing prior to notice of the Doe Amendment naming a California Corporation. This claim by defendants is disputed by the fact that as of October 26, 2017, a full day before the removal, Ms. Pelletier and Mr. Freshman were communicating in regards to the litigation but the next day on the 27th, Ms. Pelletier signed the removal claiming Plaintiffs remained in pro per, and after Ms. Pelletier had received a courtesy copy of the FAC, Doe Amendments and Substitution of Attorney. (Freshman Decl., Exh. 7, p.2). Regardless to all of these facts, and after several emails in an attempt to meet and confer, Removal Defendants have still refused to voluntarily remand the matter back to State court.

**D. Attorney Fees**

Title 28 U.S.C. § 1447(c) provides that when granting a motion for remand on the basis of a lack of federal subject matter jurisdiction, a court may order the defendant to pay plaintiff "it's just costs and any actual expenses, including attorney fees, incurred as a result of the removal." An award under § 1447(c) is

entirely within the Court's discretion. (*Overly v. Raybestos-Manhattan* (N.D.Cal. Sep. 6, 1996, No. C-96-2853 SI) 1996 U.S. Dist. LEXIS 13535, at *13.)

Removal Defendants did take the following acts:

1. On October 25, 2017 Plaintiffs filed a substitution of attorney, FAC, and Doe Amendments.

2. On October 25, 2017 each Defendant received notice of Plaintiffs' exparte application for a stay of the unlawful detainer pending a motion to consolidate the unlawful detainer with the Senior Litigation (none of the defendants noticed Plaintiffs they were represented by counsel). (Freshman Decl., ¶¶ 7-10).

3. On October 26, 2017 each Defendant, including Lexington, the California Corporation was served with the FAC. (Freshman Decl., ¶ 9, Exh. 4).

4. On October 26, 2017 Removal Defendants' counsel mailed a letter to Plaintiffs, stating that if the original complaint was not dismissed or <u>amended</u> by October 31, 2017 Removal Defendants would seek to dismiss the litigation. Service of this letter is not deemed perfected until October 31, 2017. Code of Civil Proc., § 1005. (Freshman Decl., ¶ 14).

5. On October 26, 2017 the Stay was granted and Removal Defendants' counsel was noticed of the Stay on October 26, 2017 via email. (Freshman Decl., ¶¶ 11-13, Exh. 6).

6. On October 27, 2017 Removal Defendants' counsel received the FAC that had been served on all defendants, including Doe Amendment 1 for Lexington, a California Corporation. (Freshman Decl., ¶ 15, Exh. 8).

7. Plaintiffs sought a voluntary remand by the removing parties, which the Removal Defendants have refused to do so. (See Freshman Decl., ¶¶ 18-19; Exh. 9).

Defendants knew the original complaint had been mooted; Defendants knew Lexington, an indispensable party, had been identified as Doe 1; Defendants knew that Plaintiffs had secured a stay on the unlawful detainer; upon learning

**Law Offices of Ronald H. Freshman**
222 West 6th Street, Suite 400
San Pedro, California 90731
Tel. (858) 756-8288

Law Offices of Ronald H. Freshman
222 West 6th Street, Suite 400
San Pedro, California 90731
Tel. (858) 756-8288

of the Stay and FAC which identified a California Corporation, improperly removed the litigation without all defendants, based on the mooted original complaint and improperly failed to notice this Court the Plaintiffs had counsel, instead alleging they remained in pro per. This was not a mere mistake, it was intentional.

Plaintiffs herein request this Court to order Defendants to pay Plaintiffs' attorney fees of $2,925.00 for the removal, and attorney fees for the Emergency Injunction of $1,075.00 (Freshman Decl., ¶¶ 22-25).

## IV. CONCLUSION

This is an improper removal and Plaintiffs respectfully request this matter be remanded to the state court as soon as possible. Plaintiffs have been irreparably harmed in that Defendants know an unlawful detainer cannot be removed to Federal Court and therefore, Plaintiffs lose their ability to consolidate the title/fraud (Senior Litigation) with the unlawful detainer. Regardless, the federal court cannot exercise jurisdiction as there is no subject matter jurisdiction and no diversity of defendants.

Plaintiffs specifically seek relief in the form of an immediate remand back to the State Court, an Injunction against prosecuting the unlawful detainer until the matter can be remanded and the motion to consolidate re-calendared, an awarded attorney fees and costs for the improper removal.

LAW OFFICES OF RONALD H. FRESHMAN

Date: November 7, 2017 /s/ RONALD H. FRESHMAN

Ronald H. Freshman, Attorney for Plaintiffs
JAMES ORTIZ; YOLANDA Y. ORTIZ

Law Offices of Ronald H. Freshman
222 West 6th Street, Suite 400
San Pedro, California 90731
Tel. (858) 756-8288

**CERTIFICATE OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 222 West 6th Street, Suite 400, San Pedro, CA 90731. On November 7, 2017, I served the within **NOTICE OF MOTION AND MOTION TO REMAND** on the interested parties in said action as follows:

Kristina Pelletier, Esq.
Kpelletier@Wrightlegal.net
WRIGHT, FINLAY & ZAK, LLP
4665 MacArthur Court, Suite 200
Newport Beach, CA 92660
Tel: (949) 477-5050
Fax (949) 608-9142
***Attorneys for Defendants, CITIBANK, N.A., AS TRUSTEE FOR AMERICAN HOME MORTGAGE ASSETS TRUST 2006-3, MORTGAGE-BACKED PASS-THROUGH CERTIFICATES SERIES 2006-3 (erroneously sued as CITIBANK, N.A.); OCWEN LOAN SERVICING, LLC; and POWER DEFAULT SERVICES, INC***

__X___ **BY CM/ECF ELECTRONIC DELIVERY:** In accordance with the registered case participants and in accordance with the procedures set forth at the Court's website www.ecf.cacd.uscourts.gov

_X_ BY UNITED STATES MAIL, I am "readily familiar" with the practice of collection and processing correspondence for mailing. Under that practice, it would be deposited in a box or other facility regularly maintained by the United States Postal Service with First-Class postage thereon fully prepaid that same day at San Pedro, California, in the ordinary course of business.

___ OVERNIGHT DELIVERY – I deposited such envelope for collection and delivery by GSO Overnight with delivery fees paid or provided for in accordance with ordinary business practices. Packages for overnight delivery by GSO Overnight are deposited with a facility regularly maintained by GSO Overnight for receipt on the same day in the ordinary course of business.

______BY PERSONAL SERVICE, I caused to be delivered such envelope by hand to the offices of the addressee.

__X__ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on November 7, 2017, at San Pedro, California.

/s/ Melissa N. Alvarez
MELISSA N. ALVAREZ