UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. | **LACV 17-7886-VAP (MRWx)** |
| Date | 11/14/2017 |
| Title | ***James Ortiz and Yolanda Ortiz v. Citibank, N.A., et al.*** |

Present: The Honorable VIRGINIA A. PHILLIPS, CHIEF UNITED STATES DISTRICT JUDGE

| Beatrice Herrera | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **MINUTE ORDER (IN CHAMBERS) GRANTING PLAINTIFFS' MOTION TO REMAND THE FAC (DOC. NO. 11), DECLINING TO RULE ON DEFENDANTS' MOTION TO DISMISS (DOC. NO. 8), DENYING AS MOOT PLAINTIFFS' EX PARTE APPLICATION FOR RECONSIDERATION OF ORDER DENYING REQUEST FOR SHORTENING TIME (DOC. NO. 15), VACATING THE DECEMBER 11, 2017 HEARING ON PENDING MOTIONS, AND DEFERRING RULING ON PLAINTIFFS' REQUEST FOR ATTORNEY'S FEES**

Defendants removed this case from Los Angeles Superior Court on October 27, 2017. (Doc. No. 1.) In their Notice of Removal, Defendants cited as the operative complaint a complaint filed by Plaintiffs on September 19, 2017, in the Los Angeles Superior Court. (Id., Ex. 1.)

On November 7, 2017, Plaintiffs filed both a Motion to Remand (Doc. No. 11) and an "Ex Parte Application to Shorten Time for Hearing on Notice of Motion and Motion to Remand Case to Los Angeles Superior Court to 11/13/17, Ex Parte Application for Temporary Restraining Order as to Moving to Lift Stay, Ex Parte Application to Stay Pending Order on Motion to Remand" (Doc. No. 12). Plaintiffs also request attorney's fees in the amount of $3,225 under 28 U.S.C § 1447(c) on the grounds that Defendants knew that the original complaint was no longer operative and that Defendants knew that Lexington, "an indispensable party" had been listed as a defendant in the FAC, and nonetheless removed the original complaint. (Doc. No. 12 at 12-13.)

Attached to Plaintiffs' Motion to Remand is a declaration by their counsel, Ronald Freshman, who states as follows:

- Plaintiffs retained his office on October 23, 2017, and finalized their retainer agreement on October 24, 2017;
- After investigating Plaintiffs' case, Mr. Freshman drafted a First Amended Complaint ("FAC"), in which he listed Lexington Capital, a California corporation, as a Defendant;
- On October 25, 2017, Mr. Freshman's office served Defendants with the FAC, and notified Defendants of Plaintiffs' intent to move for a stay of the unlawful detainer case pending the outcome of Plaintiffs' Motion to Consolidate the FAC with the unlawful detainer action;
- On October 26, 2017, the state court granted Plaintiffs' application to stay the unlawful detainer action pending the adjudication of the Motion to Consolidate;
- On October 26, 2017, Kristina Pelletier, an attorney representing Defendants, emailed Mr. Freshman, and forwarded a copy of the letter she had mailed to Plaintiffs demanding that the litigation be dismissed or amended by October 31, 2017;
- On October 27, 2017, Mr. Freshman's legal assistant emailed to Ms. Pelletier the FAC and all papers that had been filed on October 25, 2017
- On October 27, 2017, approximately three hours after Mr. Freshman's legal assistant emailed Ms. Pelletier, Defendants filed their notice of removal.

(Doc. No. 11-1 at 1-3.) Plaintiffs also included a copy of the FAC, which indicates that it was received by the Los Angeles County Superior Court on October 25, 2017, and identifies Lexington Capital Corporation, a California corporation, as a defendant. (Id., Ex. 1.)

As Plaintiffs have provided evidence that Defendants removed their case on the basis of a non-operative complaint, the Court REMANDS the FAC to Los Angeles County Superior Court. See Taylor v. CoxCom, Inc., No. CV 12-10149-CJC (JPRx), 2013 WL 327728, at *2 n.4 (C.D. Cal. January 29, 2013) (removal based on a non-operative complaint alone can serve as the basis for granting remand). Accordingly, the Court declines to rule on Defendants' Motion to Dismiss (Doc. No. 8), denies as moot Plaintiffs' Ex Parte Application for Reconsideration (Doc. No 15) and vacates the December 11, 2017 hearings on these Motions.

Finally, the Court defers ruling on Plaintiffs' request for attorney's fees. Defendants may file an opposition relating to both the entitlement to and amount of Plaintiffs' request by 4:00 p.m. on November 22, 2017, and Plaintiffs may file a reply by 4:00 p.m. on November 29, 2017. The Court will decide Plaintiffs' attorney's fees request on the basis of the papers timely filed. Once the Court decides Plaintiff's attorney's fees, the Court will remand the case in its entirety to Los Angeles County Superior Court.

**IT IS SO ORDERED.**